IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-1611 |
| JEFF RECK, ALFRED POPE, LAWRENCE FURLONG, | ) ) ) | Judge Cercone Magistrate Judge Hay |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the motion for summary judgment submitted on behalf of plaintiff [Dkt. 23] be granted.

II. REPORT

Plaintiff, Progressive Northern Insurance Company ("Progressive"), filed a complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201, seeking a declaration that it does not owe a duty to defend or indemnify defendant Jeff Reck ("Reck") for any claims brought against Reck as the result of a motor vehicle accident which occurred on or about February 9, 2006, while defendants Alfred Pope ("Pope") and Lawrence Furlong ("Furlong") were passengers in a vehicle operated by Reck. Plaintiff contends that the automobile insurance policy ("the Policy") it issued to Reck contains certain exclusions that preclude coverage to Reck for injuries to his employees and that, because Pope and Furlong were employed by Reck and were working within the scope of that employment at the time of the accident, coverage for any claims

brought by Pope and Furlough against Reck is precluded.

Discovery closed on September 17, 2007, and Progressive has now submitted a motion for summary judgment in which it points to evidence of record that seemingly establishes that Pope and Furlong were, in fact, employees of and acting within the scope of their employment with Reck when the accident occurred. Specifically, plaintiff has offered the deposition testimony of Pope and Furlong in which they testified that they were both working for Reck at the time of the accident; that Reck provided the tools and equipment needed for each job and told Pope and Furlong what work to perform and how to perform it while working beside them at each job site; that they were on their way to pick up equipment to take to a job site for installation when the accident occurred; that Reck typically drove Pope and Furlong to and from job sites and that they were riding in the van Reck normally drove at the time of the accident; and that Pope and Furlong were paid for the time they were being transported by Reck to and from job sites. See Def. Exh. E: Pope Depo., pp. 13, 21-24, 28-31, 35; Def. Exh. F: Furlong Depo., pp. 8, 12-19 [Dkt. 26]. See also Wachs v. WCAB, 584 Pa. 478, 483-84, 486, 884 A.2d 858, 861-62, 863 (2005) (Finding that the employee/decedent was acting within the scope of his employment at the time of the accident under the contract exception to the general rule that an employer is not liable for injuries to an employee received while traveling to and from a place of employment, where the employee/decedent's use of a company vehicle to travel to and from work was incident to his employment contract); Rite Care Resources v. WCAB, 154 Pa. Cmwlth. 336, 342-43, 623 A.2d 917, 921 (1993) (Finding that employee was injured while acting within the scope of her employment under the "no fixed place of employment exception" to the general "coming and going rule," where the claimant, a certified nursing assistant, was assigned to work

2

at one of six or seven different nursing homes at the beginning of each day).

Plaintiff has also submitted a copy of the Policy which expressly excludes from coverage claims by the insured's employees arising from accidents that occurred while acting in the course of their employment with the insured. See Def. Exh. A: The Policy, p. 12, ¶¶ 4-6 [Dkt. 26].

In response to the motion, Pope and Furlong have both indicated that they, in fact, have no response and that they do not contest summary judgment for plaintiff. See Docs. 27, 28. Reck has not replied at all and, thus, has seemingly conceded that there are no genuine issues of material fact in dispute and that plaintiff is entitled to judgment as a matter of law.[1]

Indeed, summary judgment is appropriately granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See Fed. R. Civ. P. 56(c).

Because none of the defendants have set forth any facts which would establish the existence of any element essential to their case, it appears that Progressive is entitled to summary judgment in its favor. See Matsushita Electric Industrial Corp. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986), quoting Fed. R. Civ. P. 56(e) (Once the moving party has met its initial burden of identifying evidence which demonstrates the absence of a genuine issue of material

---

[1] We note here that Reck was served with the complaint on March 17, 2007, but has never filed an Answer or otherwise responded to the suit. See Doc. 10. Although Progressive moved for default judgment against Reck on May 22, 2007, the motion was dismissed as premature since Progressive never sought, and the Clerk of Court had not entered default in the first instance. See Docs. 18, 19. Although Progressive has still not requested the entry of default, the granting of summary judgment in Progressive's favor will seemingly provide Progressive with all the relief it is seeking.

3

fact, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.) See also W.D. Pa. L.R. 56.1E (Any alleged material fact set forth in the moving party's Concise Statement of Material Facts will be deemed admitted if not specifically denied or otherwise controverted in a separate concise statement).

For these reasons, it is recommended that the motion for summary judgment submitted on behalf of plaintiff [Dkt. 23] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,


AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 3 March, 2008